IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JENNIFER FISHER | * |
| | * |
| v. | *  Civil Case No. RDB-17-3165 |
| | * |
| COMMISSIONER, SOCIAL SECURITY[1] | * |
| | * |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 5]. I have considered the parties' motions and the reply filed by Ms. Fisher, who appears *pro se*. [ECF No. 17, 18, 20]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court deny both parties' motions, that the Court reverse the SSA's decision in part pursuant to sentence four of 42 U.S.C. § 405(g), and that the Court remand the case to the SSA for further proceedings in accordance with this Report and Recommendations.

Ms. Fisher filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in 2014, alleging a disability onset date of November 1, 2008. (Tr. 240-50). Her claims were denied initially and on reconsideration. (Tr. 108-25, 128-55). A hearing, at which Ms. Fisher was represented by counsel, was held on June 21, 2016, before an

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Administrative Law Judge ("ALJ"). (Tr. 57-107). Following the hearing, the ALJ determined that Ms. Fisher was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 34-51). The Appeals Council denied Ms. Fisher's request for review, (Tr. 1-11), so the ALJ's decision constitutes the final, reviewable decision of the Agency.[2]

The ALJ found that Ms. Fisher suffered from the severe impairments of "generalized anxiety disorder; major depressive disorder; mood disorder; pervasive developmental disorder; autism spectrum disorder; Asperger's syndrome; social communication disorder; and sensory disorder." (Tr. 37). Despite these impairments, the ALJ determined that Ms. Fisher retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations. She can never climb ladders, ropes or scaffolds. She can have no exposure to unprotected heights or moving mechanical parts. She can have no exposure to loud or very loud noise. She can have occasional exposure to light that is brighter than normal indoor office or warehouse light, up to approximately 1000 lux. She can have occasional interaction with supervisors, co-workers, and the public. She is able to understand, remember and carry out simple, routine instructions or tasks, or detailed but uninvolved instructions or tasks, free of fast-paced or team-dependent production requirements, involving simple work-related decisions and occasional, if any, work place changes. She would be off task a maximum of five percent of the workday, in addition to normal workday breaks (fifteen minutes in the morning, thirty minutes at lunch, and fifteen minutes in the afternoon), provided that this time off task would not be in one continuous block but would be spread out over the course of the workday averaging three minutes per hour.

(Tr. 41). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Fisher could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 49-51).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review

---

[2] One of Ms. Fisher's arguments pertains to whether the Appeals Counsel adequately considered an April 26, 2017 opinion from a treating source, Michelle Macey, CRNP. That issue need not be addressed, since Ms. Macey's opinion can be considered in full if this case is remanded.

of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).

The ALJ ruled in Ms. Fisher's favor at step one of the sequential evaluation, and determined that she has not engaged in substantial gainful activity since her alleged onset date, despite some occasional part-time employment. (Tr. 36); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Fisher claimed prevented her from working. (Tr. 37-39); *see* 20 C.F.R. § 416.920(a)(4)(ii). The ALJ acknowledged "substantial overlap in symptomology between different mental impairments," but considered all of her psychological symptoms together. (Tr. 37). After finding at least one of Ms. Fisher's impairments to be severe, *id.*, the ALJ continued with the sequential evaluation and considered, in assessing Ms. Fisher's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Ms. Fisher's severe mental health impairments did not meet, or medically equal, the criteria of any listings. (Tr. 39-41). In particular, the ALJ identified Listings 12.04 (affective disorders), 12.06 (anxiety-related disorders), and 12.10 (autism spectrum disorder). *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 §§ 12.04, 12.06, 12.10. Listings 12.04 and 12.06 require proof of the same set of "paragraph B" criteria, and a claimant would need to show at least two areas of marked difficulty, or repeated episodes of decompensation, to meet a listing. Here, the ALJ concluded that Ms. Fisher had only "mild" restriction in activities of daily living; "moderate" difficulties in social functioning and concentration, persistence, or pace; and no episodes of decompensation of extended duration.

(Tr. 39-40). The ALJ supported those assessments with citations to the evidence of record. *Id.* However, although the ALJ identified Listing 12.10, the ALJ did not analyze the criteria applicable to that Listing, which include:

A. Medical documentation of both of the following:

1. Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and

2. Significantly restricted, repetitive patterns of behavior, interests, or activities.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):

1. Understand, remember, or apply information (see 12.00E1).

2. Interact with others (see 12.00E2).

3. Concentrate, persist, or maintain pace (see 12.00E3).

4. Adapt or manage oneself (see 12.00E4).

20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.10. If the case is remanded for the reasons described below, on remand, the ALJ should include an appropriate assessment of the criteria of Listing 12.10.

In considering Ms. Fisher's RFC, the ALJ summarized her subjective complaints from her hearing testimony. (Tr. 43-44). The ALJ also reviewed hearing testimony and a Third-Party Function Report from Ms. Fisher's mother. (Tr. 44). The ALJ provided an analysis of the mental health records in the file, both from treating and examining sources. (Tr. 44-45). Finally, the ALJ assigned weight to the opinions of various consultative examiners and treating physicians. (Tr. 45-47). Essentially, both Ms. Fisher and her mother alleged that Ms. Fisher's symptoms became debilitating after several hours in a work environment, restricting her, at best,

to part-time work. *See, e.g.*, (Tr. 85-86) (Ms. Fisher's testimony describing her ability to work for a few hours before becoming overwhelmed and needing "to hide in [her] room with the lights off, with no sound"); (Tr. 98-99) (Ms. Fisher's mother's testimony that Ms. Fisher would call from her job upset after being scheduled to work more than four hours).

The ALJ's contrary conclusion is flawed because it lacks sufficient explanation. Social Security regulations require an ALJ to include "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm'r, Soc. Sec.*, Civil No. SAG-10-1828, 2011 WL 6130605, at *4 (D. Md. Dec. 7, 2011). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000). Here, the ALJ failed to provide "an accurate and logical bridge" between Ms. Fisher's limitations and the ALJ's RFC determination. Most significantly, in formulating the RFC assessment, the ALJ noted that Ms. Fisher "would be off task a maximum of five percent of the workday, in addition to normal workday breaks (fifteen minutes in the morning, thirty minutes at lunch, and fifteen minutes in the afternoon), provided that this time off task would not be in one continuous block but would be spread out over the course of the workday averaging three minutes per hour." (Tr. 41). The ALJ, however, provided no support or explanation for this extremely specific conclusion. Notably, the ALJ found that Ms. Fisher had "moderate difficulties" in concentration, persistence, or pace. (Tr. 40). The ALJ does not specifically address Ms. Fisher's allegations that she gets anxious and overstimulated, and does not explain the basis for the conclusion that regular breaks, plus a series of three minute breaks each hour, would be sufficient to address those issues. An explanation of how the percentage of time off-task was calculated is significant, since a relatively small increase could preclude competitive employment. *See* (Tr. 104) (VE testimony that being off task a

maximum of ten percent (10%) of the time would preclude employment). Accordingly, without further explanation, I am unable to ascertain how the ALJ assessed Ms. Fisher's need for breaks and difficulties in staying on task, and how those difficulties impacted the RFC assessment. *See Chandler v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-1408, 2016 WL 750549, at *2 (D. Md. Feb. 24, 2016) (noting that "[i]t is unclear how the ALJ reached that particular conclusion, and is also unclear whether being off task only 5% of the workday is consistent with a 'moderate limitation in concentration, persistence or pace.'"). In light of this inadequacy, I recommend remand of the case to the SSA for further analysis. On remand, the ALJ should consider the impact of Ms. Fisher's limitations on the RFC determination, and explain the reasons for that finding, citing substantial evidence. In so recommending, I express no opinion regarding whether the ALJ's ultimate conclusion that Ms. Fisher is not disabled is correct.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

(1) the Court DENY Plaintiff's Motion for Summary Judgment, [ECF No. 17];

(2) the Court DENY Defendant's Motion for Summary Judgment, [ECF No. 18];

(3) The Court REVERSE IN PART the SSA's decision under sentence four; and

(4) The Court order the Clerk to REMAND the case to the SSA for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: July 9, 2018                                              /s/
                                                                              Stephanie A. Gallagher
                                                                              United States Magistrate Judge